## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

KEEFE DITTA                                                    PLAINTIFF

V.                                          CAUSE NO. 1:13CV294-LG-JCG

BEAU VIEW PHASE I CONDOMINIUMS
OWNERS ASSOCIATION, INC.                                      DEFENDANT

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

BEFORE THE COURT is the Motion [50] to Dismiss filed by Defendant Beau

View Phase I Condominiums Owners Association, Inc. in this declaratory judgment

action.  Beau View Phase I Condominium Owners Association, Inc. (hereinafter

"Beau View Owners Association" or "the Owners Association") moves to dismiss

Plaintiff Keefe Ditta's Complaint on the grounds that his claims are moot.  Ditta

has responded in opposition to the Motion, and the Owners Association has filed a

reply.  Having reviewed the pleadings and the relevant law, it is the opinion of the

Court that the Motion should be granted.  For the reasons set forth below, the

plaintiff's Complaint is dismissed as moot.

### BACKGROUND

This action arises out of a contract dispute between Ditta, who is an owner of

a unit in the Beau View Condominiums in Biloxi, Mississippi, and the Beau View

Owners Association, over whether Ditta is permitted to lease his unit on a short-

term basis.[1]  Ditta claims that leases of any duration were permitted under the

---

[1] For purposes of this lawsuit, a short-term lease is one that is less than
thirty days in duration.

terms of the Declaration that established Beau View Condominiums in 2007

(hereinafter "the 2007 Declaration").  However, during the course of this litigation,

the Owners Association voted to amend the 2007 Declaration to prohibit short-term

leasing.  Thereafter, the Owners Association filed the instant Motion to Dismiss.

Ditta's Complaint is based on Beau View's original Declaration issued on

November 21, 2007, near the time the property was developed.  The 2007

Declaration provides the terms for the operation and administration of the

condominiums, and it includes a provision on leasing.  That provision is found in

Article 12.07, and states in pertinent part:

> It shall be deemed to be the intent of all who take title
> subject to the terms of this Declaration that this shall be
> a "lease-restricted" development.  Entire Units may be
> leased by the Unit Owners; provided, however, that such
> lease and the rights of any tenant thereunder are hereby
> made expressly subject to the power of the Association to
> prescribe reasonable rules and regulations relating to the
> lease and rental of Units and to enforce the same . . . . the
> Developer, or its assigns, may maintain an on-site rental
> and rental management program in which the Unit
> Owner may have the right, but not the obligation, to
> participate.

(Decl. 39 (12.07), Compton Aff. Ex. 1, ECF No. 50-1).  As Ditta points out, the 2007

Declaration did not specify the duration of leases that were permitted.  Ditta

submits that he engaged in short-term leasing of his unit pursuant to his

understanding of the Declaration.

According to the record, the developer of the Beau View condominiums

maintained control of the condominiums until 2012.  In 2013, the Owners

Association took control of the management and elected a new Board of Directors.

(Def.'s Mem. in Supp. of Mot. 4-5, ECF No. 51).  Shortly thereafter, the newly-

elected Board of Directors sought an opinion from the Owners Association's attorney

regarding the condominiums' land-use status, and specifically whether short-term

leasing was permitted.  (Fountain letter, Compton Aff. Ex. 4, ECF No. 50-1).  The

attorney informed the Owners Association that, given Beau View's land-use

classification, short-term leasing "would be an illegal use under Biloxi's zoning and

land use regulations."  (*Id.*)  The Board then sent a letter to the condominium

owners explaining that short-term rentals were not permitted, but that it would

allow a "grace period" of one year on such rentals.  (Apr. 29, 2013 Beau View Letter,

Compton Aff. Ex. 5, ECF No. 50-1).[2]

Following the Board's letter to the owners informing them of the prohibition

against short-term leasing, Ditta filed this action.  He seeks a declaratory judgment

that short-term leasing is permitted under the 2007 Declaration.  Ditta claims that

he "will be affected by the decision" to bar short-term leases.  (Compl. for Decl.

Relief 3, ECF No. 1).  His Complaint seeks the following relief:  "that this Court

declare that the current Declarations and Bylaws do not restrict owners of such

Units from leasing their units for less than thirty days," and that "this Court

---

[2] The Board later sent another letter regarding the advertising of short-term leasing, and referenced an amendment to the By-Laws made in 2011, which had banned owners from advertising or listing their units "as a condotel, hotel unit or otherwise in such a manner as to suggest that the Unit is available for use, rent or occupancy as a hotel unit."  (1st Am. to Bylaws, Compton Aff. Ex. 6, ECF No.  50-1).

declare that in absence of amendments to these Documents, Beau View cannot restrict their Unit Owners from leasing their units for less than thirty days." (*Id.* at 3-4).

The Owners Association filed a Counterclaim for a Declaratory Judgment with its Answer.  (Answer & Countercl. 8-9, ECF No. 16).  It asks the Court to declare that Beau View is a residential, as opposed to commercial, condominium, that short-term rentals are contrary to residential use, and that "Beau View has not fulfilled the governmental and legal requirements . . . to engage in short term rentals such that owners . . . who rent their units on a short-term (less than thirty days) basis are doing so in express violation of the applicable statutes . . . of the City of Biloxi." (*Id.*)

Thereafter, the parties engaged in discovery.  During that time, the Beau View Owners Association voted to amend its 2007 Declaration to prohibit short-term leasing.  (Def. Reply Ex. K, ECF No. 66-2).  The Owners Association held an annual meeting in February 2014, at which a vote was taken to amend Article 12.07 of the Declaration to state that "In no event shall any lease, rental, use, or occupancy of a Beau View Condominium Use be for a short term use or for a period of less than thirty (30) days." (Jan. 2014 Letter Attachment 3, Mot. Am. Articles of Decl. 3, Compton Aff. Ex. 2, ECF No. 50-6; Minutes of Annual Meeting 3, Compton Aff. Ex. 3, ECF No. 50-6).  Beau View subsequently filed its Motion to Dismiss on the grounds that the amendment to the Declaration renders Ditta's claim moot.  It submits that a dismissal of this action is warranted because a judgment on the

-4-

merits "would be of no practical benefit to the plaintiff or detriment to the

defendant," and would have "no impact on" any party. (Def. Mem. in Support of

Mot. to Dismiss 15, ECF No. 51).

## THE LEGAL STANDARD

The Beau View Owners Association does not state the Federal Rule of Civil

Procedure under which its Motion is filed, but a motion to dismiss challenging the

Court's subject matter jurisdiction is properly brought under Rule 12(b)(1). It is

well-established that federal courts are courts of limited jurisdiction. *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The

Court "must presume that a suit lies outside this limited jurisdiction, and the

burden of establishing federal jurisdiction rests on the party seeking the federal

forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The United States Court of Appeals for the Fifth Circuit has held that a

district court may dismiss a case for lack of subject matter jurisdiction based on (1)

the complaint alone; (2) the complaint supplemented by undisputed facts in the

record; or (3) the complaint supplemented by undisputed facts plus the court's

resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.

1981). Where the defendant supports the motion to dismiss with evidence, the

attack is "factual" and "no presumptive truthfulness attaches to plaintiff's

allegations, and the existence of disputed material facts will not preclude the trial

court from evaluating for itself the merits of jurisdictional claims." *Id.* A factual

attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

The Owners Association has attached evidence in support of its Motion to Dismiss. However, given that this is a contract dispute, many of the facts are undisputed, and some of the same evidence is offered by both parties. The Court reviews the Motion and all of the evidence in light of the requirement that, in the context of any attack on subject matter jurisdiction, "the party asserting jurisdiction constantly carries the burden of proof to establish that jurisdiction does exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). This is a diversity action to which Mississippi law applies.

## DISCUSSION

A case becomes moot when the issues presented are no longer "live" or when the parties lack a legally cognizable interest in the outcome of the case. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

Here, the Beau View Owners Association alleges that the amendment to the 2007 Declaration to prohibit short-term leasing renders Ditta's declaratory judgment action moot. As set forth above, Ditta's Complaint is based on the 2007 Declaration, and his prayer for relief asks the Court specifically to declare that the "**current**" Declarations do not prohibit short-term leasing, and "that **in absence of**

**amendments to these Documents**, Beau View cannot restrict their Unit Owners

from leasing their units for less than thirty days." (Compl. for Decl. Relief 3-4, ECF

No. 1) (emphasis added).

Thus, Ditta's claim for a declaratory judgment rests on a provision that has

been specifically amended to prohibit the very activity he asks the Court to declare

is permitted.  Under these circumstances, the Court agrees that Ditta's Complaint

is moot.  The leasing provision of the 2007 Declaration is no longer in effect.

Therefore, no matter what the Court determines with respect to leases permitted

under that prior lease provisions, the Court's decision would have no practical effect

on Ditta's ability to lease his unit in the future.

Ditta argues that his claim for a declaratory judgment is not moot because it

is subject to the "capable of repetition" exception to the mootness doctrine.  The

United States Supreme Court has recognized the "capable of repetition, yet evading

review" exception to the general rule that a case is moot when the parties lack a

legally cognizable interest in its outcome.  *See Murphy v. Hunt*, 455 U.S. 478, 482

(1982).  This exception is limited to situations in which two elements combine: 1)

the challenged action is in its duration too short to be fully litigated prior to its

cessation or expiration, and (2) there is a reasonable expectation that the same

complaining party will be subjected to the same action again.  *Id.* (citing *Weinstein*

*v. Bradford,* 423 U.S. 147, 149 (1975) (per curiam)); *Ill. Elections Bd. v. Socialist*

*Workers Party*, 440 U.S. 173, 187 (1979); *Sosna v. Iowa*, 419 U.S. 393 (1975)).

In support of this argument, Ditta points to the fact that there is a pending

lawsuit in state court, in which the plaintiffs have challenged the amendment to the

2007 Declaration on the grounds that the vote was held in absence of a quorum.

Specifically, it is alleged that the vote was improper because a number of votes were

submitted by proxy.[3]  Ditta asserts that the state court "may render [the

amendment] void for lack of a quorum, which would place [him] right back in the

place he was when this suit was filed."  (Pl. Mem. in Support of Resp. 11, ECF No.

63).

The Court finds that Ditta has not demonstrated that the "capable of

repetition, yet evading review" exception to the mootness doctrine applies here.

Ditta must show that there is a *reasonable* expectation that he will be subjected to

the same action again if his case is dismissed.  In the Court's view, the fact that

there is a pending action in state court challenging the amendment does not create

such a reasonable expectation.  The record before this Court demonstrates that the

2007 Declaration, which is the basis of Ditta's Complaint, has been amended in

accordance with the condominiums' Declaration and By-Laws.[4]  Article 13.01 of the

Declaration states: "the provisions of this Declaration found in Article 12.07

providing for certain lease provisions may be amended by the affirmative vote or

---

[3] According to the record, the plaintiffs in that case sought a preliminary injunction, which the Chancery Court of Harrison County, Mississippi, denied on the grounds that they had not shown a substantial likelihood of success on the merits.  According to the parties, that case has been transferred to the Circuit Court of Harrison County.

[4] The By-Laws are attached to the Declaration, "and made a part hereof as if set out fully herein." (Decl. 2, Compton Aff. Ex. 1, ECF No. 50-1).

agreement of Unit Owners to which at least two-thirds of the votes in the

Association are allocated." (Decl. 40 (§13.01), Compton Aff. Ex. 1, ECF No. 50-1).

Section 4.09 of the By-Laws governs annual meetings of the owners, and provides:

> When a quorum is present, the holders of a majority of
> the voting rights present, **in person or by proxy**, shall
> decide any question brought before the meeting, unless
> the question is one on which, by express provision  . . . a
> different number or manner of voting is required, in
> which case the express provision shall govern and control
> the decision in question.

(By-Laws 3-4, §4.09(c), Compton Aff. Ex. 2, ECF No. 50-1) (emphasis added).

Section 4.09(f) further provides: "Votes may be cast in person or by proxy." The

record indicates that 108 of 112 units participated in the vote, and the amendment

passed with 92 units, or some 84% of the allocated unit ownership, voting to amend

the leasing provision. (Def. Reply Ex. K, ECF No. 66-2). There is nothing in the

record before this Court that suggests that the amendment was adopted improperly

by the owners.[5] Therefore, Ditta has not sufficiently demonstrated that there is a

"reasonable" expectation that he will be subjected to the same action again, such

that this Court should invoke the "capable of repetition, yet evading review"

exception to the mootness doctrine.

      Ditta also argues that if this Court declares he had a right to engage in short-

term leasing under the 2007 Declaration, he "may now have a claim against Beau

---

     [5] The Court, therefore, is also not convinced by Ditta's argument that the Owner's Association has engaged in "gamesmanship," and that such gamesmanship is a basis on which to find that subject matter jurisdiction exists.

View for taking his property right without compensation, to be decided by a subsequent court." (Pl. Resp. Mem. 5, ECF No. 63).  Ditta does not seek damages in this action for the taking of a property right, and in any event, he admits that such a claim would be determined by a "subsequent court."  The Court does not find this to be a basis on which to hold that Ditta's claim for a declaratory judgment remains a live controversy.

As the party seeking relief in this forum, Ditta has the burden of establishing federal jurisdiction.  He has not demonstrated that he maintains a legally cognizable interest in the claim stated in his Complaint, now that the 2007 Declaration has been amended.  Even a favorable decision by this Court, and a declaration that the 2007 Declaration permitted short-term leasing, would not benefit Ditta because the current Declaration would still forbid such leases.  Accordingly, the Court holds that Ditta's Complaint for a Declaratory Judgment regarding the 2007 Declaration is moot.

Finally, the Owners Association's Motion to Dismiss does not address its Counterclaim for a Declaratory Judgment, but counsel for the defendant has represented to the Court that, like Ditta's Complaint, the Counterclaim has been rendered moot by the amendment to the Declaration.  Accordingly, the Owners Association's Counterclaim will also be dismissed as moot.

## CONCLUSION

For the reasons set forth above, the plaintiff's Complaint for a Declaratory Judgment is moot.  Accordingly, the Motion to Dismiss is granted.  The Owners

Association's Counterclaim for Declaratory Judgment is also dismissed as moot.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [50] Motion to

Dismiss filed by Defendant Beau View Phase I Condominiums Owners Association,

Inc. is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff Keefe

Ditta's Complaint for a Declaratory Judgment is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [16]

Counterclaim for Declaratory Judgment filed by Defendant Beau View Phase I

Condominiums Owners Association, Inc. is **DISMISSED AS MOOT.**

**SO ORDERED AND ADJUDGED** this the 10th day of October, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE